## Commonwealth v. Latsch.

*Criminal law—Perjury—Answer to question, "I don't remember"—Indictment—Evidence.*

1. One who has testified before a master in divorce, in answer to the question where he had been during certain months, that he did not remember, when in fact he had been in prison, may be indicted and convicted of perjury, provided the Commonwealth can show by two witnesses, or by one witness and corroborating circumstances, that he did remember where he was during those months.

2. A conviction of perjury cannot be sustained merely on the contradictory sworn statements of the defendant in the same record.

Motions for arrest of judgment and for new trial. Q. S. Lehigh Co., April Sess., 1925, No. 54.

*Dewalt & Heydt,* for defendant and motions.

*Orrin E. Boyle,* District Attorney, contra.

RENO, P. J.—Fred Newhard sued his wife in divorce, alleging adultery with Henry Latsch. Before the master, Latsch denied having had intercourse with the respondent, and testified that he had not seen her from March, 1923, until about the time of the master's hearing on Feb. 21, 1924. Asked, upon cross-examination, by separate and successive questions, where he was in

Commonwealth v. Latsch.

October, November and December, 1923, he answered, "I don't remember." As a matter of fact, he was then in the Montgomery County Prison, to which he had been committed for violating the Pinchot Prohibition Act. He was indicted for perjury for the above and other answers in a bill of indictment which contained thirteen counts. The jury returned a verdict of guilty upon the three counts, which were based upon his answers to the questions concerning his whereabouts in October, November and December, 1923.

His motions in arrest of judgment and for a new trial allege various reasons, but his argument and brief were confined to the two questions which we shall consider. The motion in arrest of judgment is based upon the proposition that an indictment for perjury will not lie upon an answer, "I don't remember," since such an answer is not an absolute assertion within the meaning of the term "absolute" as employed in the classic definition of perjury: "a crime committed when a lawful oath is administered in some judicial proceeding to a person who swears wilfully, absolutely and falsely in a matter material to the issue or point in question:" 4 Blacks. Comm., 137. The motion for a new trial concedes, arguendo, that an indictment would lie, but questions the sufficiency of the evidence in the instant case.

Our Pennsylvania courts have never decided the first proposition. Elsewhere, however, there seems to be authority for the principle that there may be an absolute assertion concerning one's mental state, and that false testimony concerning that mental state may be the basis for a perjury prosecution. Thus, in what seems to be a leading case, the New York Court of Appeals held that where it is shown that a witness remembers certain material facts and swears that he does not remember them, he is guilty of perjury: People v. Doody, 64 N. E. Repr. 807. It follows, then, that the mere fact that the answer of the witness is, in form, a denial of knowledge or recollection will not prevent a conviction if it be shown that, as a matter of fact, he did know or did remember. Hence, the motion in arrest of judgment must be discharged.

But the same authority and some of our own cases require us to grant the motion for a new trial, for unquestionably there was no proof in the instant case that Latsch did remember where he was during October, November and December, 1923, when he appeared before the master in February, 1924. Yet the law requires that the Commonwealth show by the evidence of two witnesses, or one witness and corroborating circumstances, that the defendant's testimony was false: Williams v. Com., 91 Pa. 493. Hence, in this case, as in the New York case, supra, the prosecution was obliged to show by two witnesses, or by one witness and corroborating testimony, that Latsch remembered where he was during those months. This may be an onerous burden for the Commonwealth to carry, but it is not an impossible condition to exact. Indeed, our able district attorney seems to concede that this rule must be complied with, but seeks to avoid its application by showing that later, in Latsch's examination before the master, when again pressed for answers to the questions, he said, "I refuse to answer that." This, he argues, shows that Latsch did remember where he was at that time. But, assuming that the answer will support that inference, it does not follow that a conviction of perjury can be based upon contradictory answers contained in the same record. It is said that "a conviction for perjury cannot be sustained merely on the contradictory sworn statements of the defendant, but the state must prove which of the two statements is false, and must show that statement to be false by other evidence than the contradictory statements:" 21 Ruling Case Law, 271. From this, the following conclusion must be deduced: That,

even assuming that the reply "I refuse to answer that" is equivalent to an admission that he then remembered, and that this answer thus contradicts the earlier answer, "I don't remember," a conviction cannot be sustained in the absence of proof that, as a matter of fact, he did remember. There being no proof of this circumstance in the case, and the Commonwealth having relied entirely upon the contradictory statements contained in the notes of testimony, the defendant was improperly convicted.

Now, March 29, 1926, the motion in arrest of judgment is overruled, the motion for a new trial is sustained and a new trial is directed.

From Edwin L. Kohler, Allentown, Pa.